UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: ) | |
| ) | |
| **NAHID AHMADPOUR** ) | |
| ) | |
| ) | **Chapter 7** |
| ) | **Case No. 18-11248** |
| ) | |
| **NATIONWIDE REGISTRY** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Adversary No. 18-00039** |
| ) | |
| **NAHID AHMADPOUR** ) | |
| ) | |
| Defendant ) | |

### PLAINTIFF'S RESPONSE TO DEBTOR'S LINE REQUESTING A RULING AND FOR SANCTIONS AND COUNTER REQUEST FOR FEES

COMES NOW the Plaintiff, Nationwide Registry and Security Ltd., by counsel, and as and for its Response to Debtor's Line Requesting a Ruling and for Sanctions, responds as follows:

1. Debtor's current Motion fails to state the basis for its request other than in vague and general terms. The reason for the same is because the Debtor does not wish for this Court to know the actual status of matters. For that reason, the following is submitted.

2. Debtor has no good faith defense to the instant Complaint Objecting to Dischargeability; the subject debt was incurred as a result of her fraudulent criminal activity–criminal activity to which the Debtor admitted in a Plea Agreement, and to which she plead guilty and was found guilty. See Exhibit B to the Complaint.

3. As part of what must be considered among the most epic efforts ever engaged in to avoid paying a debt that was incurred as a result of her own criminal activity, stretching over ten (10) years,

encompassing seven (7) separate bankruptcy proceedings, and at least six (6) different attorneys, Debtor continues to make unfounded claims and assertions, the latest being in response to the instant adversary proceedings.

4. First, Debtor has attempted to impugn the undersigned claiming–again without any basis in fact–that counsel has some improper or impermissible interest in the outcome of these proceedings. Apparently, Debtor and her latest counsel are of the view that an attorney would not spend a decade attempting to collect a judgment simply for the reason that it is justly due and payable. Notwithstanding the insulting nature of the unfounded assertions, in response to the Requests for Production issued by Debtor as part of her fishing expedition to come up with a basis for her assertions, counsel for NRS provided Debtor with a copy of his retention agreement showing that he has always represented NRS on a contingency fee basis, the norm in such a collection case, and that there is no further or different arrangements.

5. Debtor also has made up the contention that subject debt was paid as a result of the conditional Settlement Agreement entered into in July 2011. Debtor has absolute, unquestioned knowledge of her and her husband's blatant breach of that Settlement Agreement. This issue was litigated in Beitdashtoo's bankruptcy case that was filed specifically to prevent a foreclosure on Debtor's property as a result of the breach of that Settlement Agreement–the second of the seven cases filed, Case No. 2011-16702. After a full evidentiary hearing on NRS's Motion for a lift stay, Debtor's response claiming, *inter alia*, there was no breach of the Settlement Agreement, the Virginia Bankruptcy Court granted the lift stay, entering an Order on July 12, 2012 that specifically granted NRS leave to pursue that foreclosure sale. While Debtor has had multiple attorneys since then, current counsel has absolute knowledge of that Order because it was attached as Exhibit J to the Memorandum in Support of NRS's Motion for Summary Judgment. Likewise, while Debtor's

current counsel is already aware of the same, for the Court's convenience, a copy of Debtor's Answer to NRS's lift stay motion in Beitdashtoo's 2011 Bankruptcy case is attached hereto as **Exhibit 1;** specific reference is made to paragraph 6 thereof in which the rejected claim that the Settlement Agreement is not breached is made by Debtor. Debtor also is fully aware of the lack of any merit whatsoever to the claim that the subject debt has been satisfied because she and her husband have filed five (5) separate bankruptcy proceedings since that July 12, 2012 Order attempting to forestall collection.

6. NRS provided and/or incorporated into its production all of the foregoing documents into its response to Debtor's Request for Production.

7. Debtor also has asserted defenses of latches, equitable estoppel and unclean hands, all defenses not available to collection of a judgment, all predicated on the completely unfounded and meritless contention that the debt has been satisfied and all "defenses" for which Debtor has absolutely no factual basis to support.

8. Debtor's request to depose a representative of NRS is nothing more than part and parcel of her unending dilatory tactics. There is absolutely nothing about which Debtor can question NRS–the debt is a judgment by a court having personal jurisdiction over the Debtor. It is not subject to collateral attack in these, or any other proceedings, and the communications between NRS and its counsel are absolutely privileged. Any and all other communications between NRS have been through its counsel only–and is in the possession of the Debtor, her husband and/or one of her many former attorneys.

9. Nonetheless, NRS agreed to make its representative available for deposition in accordance with Bankruptcy Rule 7045, incorporated Fed. R. Civ. P. 45, subsection (c)(1)(B), which expressly

provides that the deposition of a corporate representative of a party shall be conducted "within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer." NRS is a New York entity and its only offices are in that state. NRS has agreed to make its representative available in its offices; Debtor has declined. Of course, Debtor has no real interest in deposing NRS–it was only using the request as a tactic hoping to cause NRS to back off of its collection efforts.

10. Moreover, NRS has repeatedly asked the Debtor for her authority that NRS must submit to a deposition in Maryland; Debtor has never responded with any such authority–only more threats and bravado.

11. Debtor also neglects to inform the Court the context in which the current request is lodged. On July 25th, NRS propounded Interrogatories and Requests for Production on Debtor specifically tailored to obtain the factual basis for the Debtor's various bogus claims as noted above. Debtor has failed to respond to that discovery.

12. In accordance with Bankruptcy Rule 4037, incorporating Fed. R. Civ. P. 37, on August 28th, NRS sent an email to Debtor inquiring about the status of those responses. Debtor's initial response later that day was a follows:

> "I will take a look at the fax tomorrow. If received we will respond in the normal timeframe. Please confirm when you fax - we have a digital fax so my office will need to check. Tx"

13. While there was never a question about service, as a courtesy, on August 29th, Debtor's counsel was emailed copies of the fax confirmation pages as well as the e-mail verifying that the discovery was sent to Debtor's counsel and received.

14. Instead of responding to the discovery–Debtor knowing full well she has no factual basis for her asserted defenses, has filed the subject request, once again in an effort to avoid payment of

the judgment. Debtor now will be put to the task of seeking to compel Debtor to respond to its discovery.

15. Debtor's actions in filing the subject request are without basis in law or in fact. NRS should be awarded its fees in responding pursuant to Rule 4037.

WHEREFORE, Nationwide Registry & Security Ltd., prays that the Debtor's request be denied; that Debtor be required to respond forthwith, completely and without objection, to the discovery propounded upon her by NRS; that it be awarded its attorney's fees; and such other and further relief as to this Court seems just and proper.

**Nationwide Registry & Security Ltd.**
*By Counsel*

By   /s/ Robert L. Vaughn, Jr.
Robert L. Vaughn, Jr., Va Bar No. 10633
Fitzgerald Lewis, Md. Bar No. 16912
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone
(703) 471-6496 Facsimile
Email: rvaughn@oconnorandvaughn.com
*Counsel for NRS*

### Certificate of Service

I hereby certify that on the 30th day of August, 2018, I caused a true and correct copy of the foregoing document to be served via the court's ECF system to all registered participants.

/s/ Robert L. Vaughn, Jr.

Robert L. Vaughn, Jr.

UNITED STATES BANKRUPTCY COURT

FOR THE

EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re: :
    YOURI BEITDASHTOO : Chapter 13
 : Case No. 11-16702-RGM
    Debtors :
_____ :
 :
Nationwide Registry & Security :
    Plaintiff :
 :
 : Relief From Stay
v. : Contested Matter
 : No.
Youri Beitdashtoo :
    Respondents :

### DEBTORS ANSWER TO MOTION FOR RELIEF FROM STAY OF NATIONWIDE REGISTRY & SECURITY

Debtor, through undersigned counsel, responds to the Motion for Relief from the Automatic Stay filed herein by Nationwide Registry & Security, as follows:

1.    The allegations of paragraphs 1, 2, 3, 4, 5, 10, 13, 14, 15 and 18 are admitted.

2.    The Debtor is unable to admit or deny the allegations of paragraphs 6, 11 and 12; are denied.

Nathan Fisher, VSB #37161
Counsel for Debtor
3977 Chain Bridge Rd., #2
Fairfax, VA 22030
(703) 691-1642


EXHIBIT 1

3.  The allegations of paragraphs 7, 8, 9, 16, 17, 19, 20 and 21 are denied either in whole or in part.

4.  The subject property is necessary for an effective reorganization as it constitutes a primary motivation for the filing of the petition herein;

5.  All parties are in agreement that there is a minimum of $300,000.00 equity in the subject property as the total debt on the property is approximately $935,000; the Debtor believes there is approximately $400,000.00 equity in the subject property.

6.  The debtor did not default under the Settlement Agreement; Debtor seeks to pay the Plaintiff through the free market process rather than through a foreclosure sale where he stands to potentially lose $300,000.00 to $400,000.00 in equity.

WHEREFORE, because 11 U.S.C. 362(d) of the Bankruptcy Code provides that the Court shall grant a party in interest relief from the stay: (1) "for cause, including the lack of adequate protection of an interest in property of such party in interest," (11 U.S.C. 362(d) (1) ), or, alternatively, (2) if "the debtor does not have an equity in such property and such property is not necessary to an effective reorganization," (11 U.S.C. 362(d) (2) (A) & (B) ), and because in this case the movant's interest in the subject property is adequately protected and the subject property is necessary to an effective reorganization, Debtor requests that this Court deny Plaintiff's Motion for

Relief from Stay, and for such other relief as this Court deems appropriate.

Dated:  September 28, 2011                    Respectfully Submitted
                                              Youri Beitdashtoo
                                              By Counsel:
                                              /s/ Nathan Fisher
                                              Nathan Fisher
                                              3977 Chain Bridge Rd., #2
                                              Fairfax, VA  22030
                                              (703) 691-1642

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of September, 2011, I served the foregoing, via first-class mail, on the following, who are all necessary parties under Local Rule 4001(a)-1(E)(1):

Thomas Gorman                         O'Connor & Vaughn, LLC
300 North Washington Street,          11490 Commerce Park Drive, Ste. 510
Suite 400                             Reston, VA  20191
Alexandria, VA  22314

Youri Beitdashtoo
4053 41st Street, North
McLean, VA  22101

                                      /s/ Nathan Fisher
                                      Nathan Fisher