# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt)

| | |
|---|---|
| In re:<br><br>NAHID AHMADPOUR,<br><br>        Debtor | Case No.: _____18-11248_____<br><br>Chapter 7 |
| NATIONWIDE REGISTRY & SECURITY LTD<br><br>        Plaintiff,<br><br>    v.<br><br>NAHID AHMADPOUR,<br><br>        Defendant. | Adversary No.: _____18-00039_____ |

## EMERGENCY MOTION TO COMPEL PLAINTIFF TO ATTEND DEPOSITION AND PERMIT DEFENDANT TO TAKE VIA TELEPHONE

        Debtor/Defendant Nahid Ahmadpour, by and through undersigned counsel, hereby files this Emergency Motion to Compel Plaintiff to Attend Previously Scheduled Deposition and to Permit Defendant to Take the Deposition via Telephone:

        1.     On June 27, 2018, Defendant issued a corporate designee deposition notice to Plaintiff via counsel.

        2.     Through numerous and repeated delays (and the failure to file for a protective order by Plaintiff) the deposition date was scheduled for January 18, 2019.

        3.     Defendant by counsel has taken steps to reserve a court reporter.

        4.     On January 9, 2019, Defendant through counsel indicated that he would be taking the deposition via telephone (Plaintiff's counsel Mr. Vaughn's e-mail seems to be set up where

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 2014

***
8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***
(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

he can e-mail but you cannot reply).  *See* e-mail thread between counsel, attached hereto as **Exhibit A**.

5.    On January 15, 2019, Defendant through counsel, again e-mailed Vaughn and this time copied his assistant attaching a previously discussed deposition notice which simply relates to the alleged debt owed in this case, among other issues.  *See* **Ex. A** and **Ex B**.

6.    Defendant is unable to pay the travel expenses for her counsel to travel to New York City and to stay in a hotel overnight, as Plaintiff's counsel is doing.1

7.    Defendant's counsel has repeatedly requested that he be permitted to take the Plaintiff's deposition via telephone.

8.    Defendant has pointed out that Plaintiff's counsel is free to defend via telephone or go to New York but that in any circumstance there is no prejudice to Plaintiff if Defendant's counsel takes the deposition via telephone.

9.    In *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 432 (M.D.N.C. 1986), the district court explained the rule for determining whether a deposition can be ordered to be taken telephonically in this Circuit.  Under *Jahr*, "the party opposing the telephonic deposition must come forward with a particularized showing as to why a telephonic deposition would prejudice it."  *Id*.  This standard cannot be met by the Plaintiff here, who has no reason to avoid a telephonic deposition other than to put economic pressure on the limited resources of the Defendant in the Defendant's attempts to use the due process rights afforded Defendant by the discovery process.  This situation is very different from the situation before the court in *Webb v. Green Tree Servicing*

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 2014

***
8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***
(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

---

1  This court may recall that at the last hearing, Robert Vaughn repeatedly told this court that Plaintiff had provided interrogatory answers.  This is not true.  Debtor's counsel brought this to the attention of Mr. Vaughn and asked him to correct the record which he is refusing to do.

*LLC*, 283 F.R.D. 276, 280 (D. Md. 2012), where the court refused to allow a telephonic deposition because it prejudiced the deposing party, who sought an in-person deposition. In that case, the deposing party would be denied the ability to gauge the facial expressions of the deponent in response to its questions, and the deposing party sought to interrogate the deponent about a substantial number of documents, which would be practically difficult to do by telephone. These concerns which prejudice the party taking the deposition are not present here, where the deponent is the one opposing a telephonic deposition. *Id*.

10.     Similarly, Plaintiff in this case faces no such concerns because concerns which prejudice the party taking the deposition are not present here, where the deponent is the one opposing a telephonic deposition.

11.     Defendant's counsel has repeatedly urged Plaintiff's counsel to reconsider and requested a meet and confer which was held by telephone on January 16, 2019 at approximately 4:15pm and recorded by counsel with consent.

12.     The parties are at an impasse and the Debtor's rights are prejudiced as Plaintiff can show no prejudice but still refuses to appear.

## **CERTIFICATE PER LOCAL RULE 104.7**

**Counsel for Debtor hereby certifies that repeated attempts at a simple deposition scheduling via telephone request were made as outlined in Exhibit A. Robert Vaughn has made no attempt to demonstrate that he will cooperate and it is prejudicing Debtor. Specifically, the following rule was adhered to by Debtor's counsel.**

**Conference of Counsel Required.** Counsel shall confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them. The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 2014

***

8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***

(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

- 3 -

therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court.

**WHEREFORE**, Defendant/Debtor Ahmadpour respectfully requests that:

A. Creditor Nationwide Registry and Security LTD claims be dismissed against this Defendant/Debtor; or, in the Alternative,

B. Creditor Nationwide Registry and Security LTD be compelled to produce a deponent and all responsive documents as requested in the outlined request and further that any such argument as to privilege has been waived and that Defedant/Debtor be permitted to take the deposition via telephone;

C. Reasonable attorneys' fees be awarded to Defendant/Debtor for the waste of time and effort for both the court and Defendant/Debtor in moving for this relief; and

D. This Court grant such other and further relief this Court deems just and proper.

Respectfully submitted,

**THE PELS LAW FIRM**

Dated: January 17, 2019

/s/ Jon D. Pels
Jon D. Pels, Esq., MD Bar #11883
jpels@pelslaw.com

/s/ Alvaro A. Llosa
Alvaro A. Llosa, Esq., MD Bar #19334
allosa@pelslaw.com

4845Rugby Avenue,
Third Floor
Bethesda, MD 20814
(301) 986-5570 (T)
(301) 986-5571 (F)
*Counsel for Defendant/Debtor*

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 2014

***

8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***

(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>January 17, 2019</u>, I reviewed the Court's CM/ECF system and it reports that an electronic copy of Defendant's Emergency Motion to Compel was served electronically by the Court's CM/ECF system on the following:

| | |
|---|---|
| Fitzgerald Lewis | Robert Lee Vaughn, Jr. |
| Law Office of Lewis and Associates | O'Connor & Vaughn LLC |
| 6066 Leesburg Pike | 11490 Commerce Park Drive |
| Fourth Floor | Suite 510 |
| Falls Church, VA 22041 | Reston, VA 20191 |
| flewis@lewisatlaw.com | rvaughn@oconnorandvaughn.com |

<em>/s/ Jon D. Pels</em><br>Jon D. Pels, Esq., MD Bar #11883

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 2014

***

8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***

(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com