# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt)

| | |
|---|---|
| In re:<br><br>NAHID AHMADPOUR,<br><br>Debtor<br><br>NATIONWIDE REGISTRY & SECURITY LTD<br><br>Plaintiff,<br><br>v.<br><br>NAHID AHMADPOUR,<br><br>Defendant. | Case No.:  18-11248<br><br>Chapter 7<br><br><br><br><br>Adversary No.:  18-00039 |

## DEFENDANT'S PRETRIAL STATEMENT

Defendant Nahid Ahmadpour, by and through undersigned counsel, and pursuant to the Scheduling Order (ECF Doc. 11) in this matter, respectfully submits her following Pretrial Statement:

### I. Statement of Facts

1.  On or about January 17, 2008 creditor Nationwide Registry & Security, Ltd. ("NRS") obtained a judgment in the Fairfax Circuit Court (Case No. 2007-14478) against Debtor Nahid Ahmadpour, in the principal sum of $80,000 with interest thereon at the rate of 18% per annum from October 10, 2005, until paid, and attorney's fees of $16,000 ("Judgement"). The Judgment was based upon a series of ten (10) drafts written by Ahmad pour on her Chevy Chase Bank account between October 8, 2005 and October 10, 2005, totaling $80,000, all of which drafts were dishonored by Chevy Chase Bank.

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 2014

***
8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***
(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

2.      On June 27, 2008 Ahmadpour filed for bankruptcy relief under Chapter 7 in the United States Bankruptcy Court for the Eastern District of Virginia, Case No. 08-13766-BFK. This case was determined to be a no asset Chapter 7, and a discharge was entered. Although Ahmadpour initially failed to list NRS as a creditor, NRS's claims are discharged because the case was a no-asset case and no adversary proceedings were filed to determine whether the debt was exempt from discharge. See In re Stecklow, 144 B.R. 314 (Bankr. D. Md. 1992). After the case had closed administratively, Ahmadpour attempted to amend her schedules to list NRS. NRS opposed, and Judge Mitchell entered a Memorandum Opinion affirming that "[i]n a 'no asset' case in which no bar date has been set for filing proofs of claim, an unlisted debt is discharged—even if the creditor was intentionally omitted—unless the debt is of the kind specified in § 523(a)(2), (4), or (6), Bankruptcy Code." See Memorandum Opinion and Order Doc. 32 in EDVA Bankruptcy case no. 08-13766, **Defendant's Pretrial Exhibit 7**. Further, Judge Mitchell noted that "[w]hether the judgment Nationwide is seeking to collect from the debtor is excepted from discharge is not properly before the court at this time but may be decided either by the state court in connection with proceedings to enforce the judgment or by this court if either the debtor or the creditor files an adversary proceeding to determine dischargeability." **Id**.

3.      On or about July 27, 2011, Ahmadpour and Beitdashtoo (together, "Settlement Debtors") entered into a Settlement Agreement with creditor NRS, wherein the Settlement Debtors negotiated to settle the Judgment held by NRS "upon payment of [$91,000] to resolve any and all claims relating and/or pertaining to the Litigation, the Property, […] as well as the release of the Judgment as paid and satisfied[.]" See Settlement Agreement, **Defendant's Pretrial Exhibit 4**. To this end, the Settlement Debtors executed a Deed of Trust against their

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 2014

***
8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***
(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

home for the benefit of NRS in the sum of $91,000, recorded among the land records of Fairfax County, Virginia at Book 21787, Liber 1877.

4. The terms of the Settlement Agreement called for sale of the Property at a particular price, with detailed terms related to lowering the price should the sale efforts stale. **Id.** Within mere weeks of the settlement agreement being signed, due to no fault of the Settlement Debtors, NRS unilaterally and in breach of the Settlement Agreement initiated a foreclosure proceeding seeking sale of the Property.

5. In 2012, Beitdashtoo filed for bankruptcy under Chapter 13 in the United States Bankruptcy Court for the District of Columbia, Case No. 12-00722. Beitdashtoo did not receive a discharge due to the fact that Beitdashtoo had received a discharge in a separate bankruptcy case under Chapter 7 just one year prior (Case no. 11-16702 before the United States Bankruptcy Court for the District of Eastern Virginia). However, Beitdashtoo's Chapter 13 plan was approved and completed, paying 100% plus 6% post-confirmation interest per annum. See Chapter 13 Standing Trustee's Final Report and Account, Doc. 90 in D.C. Bankruptcy case no. 12-00722, **Defendant's Pretrial Exhibit 2**.

6. In Beitdashtoo's Chapter 13 plan, NRS was listed as a secured creditor and filed a corrected proof of claim on December 18, 2012 for the sum of $91,000, the Settlement Agreement amount. NRS received plan payments in the principal sum of $91,000, and also interest in the sum of $8,712.44[1]. See **Defendant's Pretrial Exhibit 2**.

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 2014

\*\*\*

8500 Leesburg Pike
Suite 400
Vienna, VA 22010

\*\*\*

(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

---

[1] It is believed that the casino was aware of the wife's gambling addiction and the fact that the husband had paid them off for her. In fact the wife has had to seek professional counseling. It is quite simply inequitable to permit this collection agency to continue to harass and prey on this family.

- 3 -

7. In consideration thereof, on July 06, 2017, NRS executed a "Deed of Release" instrument to release the Deed of Trust it held against the Settlement Debtors. <u>See</u> Deed of Release, **Defendant's Pretrial Exhibit 6**.

8. To review the above, NRS submitted its proof of claim as part of Beitdashtoo's Chapter 13 plan representing all claims against the Settlement Debtors. The Chapter 13 plan paid the full amount of NRS's claim plus some interest. The entirety of the Judgment held by NRS is therefore fully paid and/or discharged.

9. It is undisputed that the deed of trust that was held by NRS is paid in full and has been released. Due to NRS's breach of contract with regard to the Settlement Agreement, that amount should fully satisfy the Settlement Agreement and release all claims related to the judgement. *Arguendo* that there are unsecured claims that survive this payment, both Settlement Debtors have filed bankruptcies and received discharges as to that potential unsecured claim. NRS therefore has nothing left to collect.

## II. Required Pleading Amendments

1. None.

## III. Abandoned Issues

1. None.

## IV. Stipulations of Fact

1. None.

## V. Damages

1. Reasonable attorneys' fees be awarded to Defendant/Debtor for the waste of time and effort for both the Court and Defendant/Debtor in moving for relief related to long overdue responsive discovery and deponent Plaintiff's representative, **ECF No. 65**.

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 2014

***
8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***
(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

### VI. Evidence

1. *See* Defendant's Exhibit List, **ECF No. 63**, incorporated herein.

### VII. Experts

1. None.

### VIII. Matters Requiring Resolution Before Trial

1. Defendant's Emergency Motion to Compel Plaintiff's Deposition, **ECF No. 65**.

    Respectfully submitted,

    **THE PELS LAW FIRM**

Dated: January 23, 2019

*/s/ Jon D. Pels*
Jon D. Pels, Esq., MD Bar #11883
jpels@pelslaw.com

*/s/ Alvaro A. Llosa*
Alvaro A. Llosa, Esq., MD Bar #19334
allosa@pelslaw.com

4845Rugby Avenue,
Third Floor
Bethesda, MD 20814
(301) 986-5570 (T)
(301) 986-5571 (F)
*Counsel for Defendant*

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 2014

***

8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***

(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>January 23, 2019</u>, I reviewed the Court's CM/ECF system and it reports that an electronic copy of Defendant's Pretrial Statement was served electronically by the Court's CM/ECF system on the following:

| | |
|---|---|
| Fitzgerald Lewis | Robert Lee Vaughn, Jr. |
| Law Office of Lewis and Associates | O'Connor & Vaughn LLC |
| 6066 Leesburg Pike | 11490 Commerce Park Drive |
| Fourth Floor | Suite 510 |
| Falls Church, VA 22041 | Reston, VA 20191 |
| flewis@lewisatlaw.com | rvaughn@oconnorandvaughn.com |

                                         */s/ Jon D. Pels*
                                         Jon D. Pels, Esq., MD Bar #11883

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 2014

***

8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***

(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com