**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt)**

| | |
|---|---|
| In re: | Case No.: ____18-11248____ |
| NAHID AHMADPOUR, | Chapter 7 |
| Debtor | |
| | |
| NATIONWIDE REGISTRY & SECURITY LTD | |
| Plaintiff, | |
| v. | Adversary No.: ____18-00039____ |
| NAHID AHMADPOUR, | |
| Defendant. | |

**DEFENDANT NAHID AHMADPOUR'S MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN**
**SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Defendant/Debtor, Nahid Ahmadpour (Ahmadpour), and submits in

Opposition to Plaintiff Nationwide Registry & Security LTD's ("NRS") Motion for Summary

Judgment, and further moves for summary judgment in favor of Debtor/Defendant, for the

reasons as set forth below.

**INTRODUCTION**

This matter has been ongoing since at least the year 2008. The creditor NRS has taken

actions which are directly contradictory to the amount they allege is now due and owing in this

instant case. NRS is judicially estopped from taking its current position because of this. NRS

had full knowledge of the terms (including the initial list price) of the SETTLEMENT

AGREEMENT between the parties *prior* to entering into in July, 2011. The parole evidence rule

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 20814

***
8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***
(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

and express terms of the AGREEMNT preclude NRS from continuing in this case as it is violating the very AGREEMENT it drafted. Ahmadpour is entitled to attorneys' fees pursuant to the AGREEMENT. Further, Plaintiff NRS must prove all the elements in their claim and has failed to do so, particularly has failed to prove fraud on the part of debtor, as further described below.

## STATEMENT OF FACTS

This case involves a judgment obtained against the debtor Ahmadpour and her spouse arising from Ahmadpour's addiction to gambling. The creditor NRS obtained a judgment in essence by consent for $80,000 on January 17, 2008. *See* Exhibits from deposition of corporate designee of NRS, attached hereto as **Ex. A, at Bates NRS Depo 000016**. The parties in July, 2011, under advice of counsel, entered into a SETTLEMENT AGREEMENT ("AGREEMENT") which was drafted by counsel for NRS. **Ex. A at NRS Depo 000016.** The AGREEMENT stipulated that NRS would accept the sum of $91,000 to satisfy the judgment in full if the conditions of the AGREEMENT were complied with by Ahmadpour and her spouse. **Ex. A at NRS Depo 000017.**

Below it will be demonstrated that Ahmadpour and her spouse complied fully with the terms of the AGREEMENT and that it was NRS who violated its terms – terms it drafted. There is no dispute factually that NRS, on advice of its own counsel, fully understood and entered into the AGREEMENT prior to signing it. Specifically, the terms included that Ahmadpour and her spouse grant a lien on their marital property which required Ahmadpour's husband consenting to such a lien (no small concession). **Ex. A at NRS Depo 000018.** The property was to be listed at an initial amount of $1,499,000 and remain "continuously on the market for sale until sold ….[and] ….if the Property remains unsold after 90 days, the list price shall be reduced by two percent (2%). The list price shall continue to be adjusted every ninety (90) days thereafter or earlier if the parties

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 20814

***

8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***

(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

- 2 -

agree…" **Ex. A at NRS Depo 000018.** It states: "The Defendants affirmatively represent that the current list price is within the range recommended by the Realtor…"  *Id.*

NRS had full knowledge of and access to the Realtor's recommendation *prior* to entering into the AGREEMENT. *See* Transcript of Deposition of Allyn Ehrlich as corporate designee of NRS, attached hereto as **Ex. B, at p.50:8-22**.  With full knowledge of the range in the amount also possibly being $1.2 million, NRS authorized its counsel to enter into this AGREEMENT on its behalf.  **Ex. B at p.51:1-11**.

The AGREEMENT states "solely conditioned upon payment of the sum of $91,000 in full and complete compliance with the terms of this agreement, ….the parties hereto hereby forever and mutually release and discharge [each other]."  **Ex. A at NRS Depo 000023.**   It also provides for attorney's fees if either party breaches. *Id.* at ¶11.  The following provisions are also relevant: "This agreement contains and constitutes the entire understanding and agreement between the parties with respect to the matters contained herein…" *Id.*  at ¶14 (Bates 00023). "None of the parties hereto are relying upon any statement or representation not embodied in this agreement." *Id.*  at ¶15 (Bates 00024). "The parties do hereby declare that each has completely read fully understood and voluntarily accepted the terms of this agreement…" *Id.* at ¶15 (Bates 00024).  The agreement is signed by counsel for NRS on July 27, 2011. *Id.* at ¶15 (Bates 00025).

On August 4, 2011, Counsel for NRS, in direct violation of the express terms that NRS testified it fully understood and entered into, sent an email alleging the initial list price was not within a range acceptable to NRS and that, contrary to the Agreement, the agent "…as of this point in time is" stating that it should be $1,299,000.   **Ex. A at NRS Depo 000029;** *see also* **Ex. B  at p. 45, 46.**  On August 10, 2011, counsel for NRS sent a letter to then counsel for the Debtors stating:  "While I appreciate your point of view, there is a marked distinction between acquiescing

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 20814

\*\*\*

8500 Leesburg Pike
Suite 400
Vienna, VA 22010

\*\*\*

(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

to a list price and that price being recommended by the listing agent." **Ex. A at NRS Depo 000031.**  On August 26, 2011, counsel for NRS instituted foreclosure proceedings.  On September 14, 2011, counsel for NRS sent a letter to then counsel for the Debtors stating: "Respectfully, the negotiations ended when the Settlement Agreement was executed." **Ex. A at NRS Depo 000038.** On October 26, 2011, some two months *after* the Agreement was signed by NRS, NRS obtained an appraisal which purportedly valued the property much lower.  **Ex. A at NRS Depo 000039.**

Because of these actions, Ahmadpour's husband on October 31, 2012 Youri Beitdashtoo filed chapter 13 bankruptcy in the District of Columbia.  On February 14, 2013, Beitdashtoo's chapter 13 counsel filed a plan providing for payment of the NRS claim pursuant to the Agreed upon amount in the AGREEMNT of $91,000.  **Ex. A at NRS Depo 000084.** NRS filed an original proof of claim dated 11/20/12 which included $91,000 plus an unsecured portion of $187,115.61. **Ex. A at NRS Depo 000085-87;** *see also* **Ex B at p. 63**. NRS then filed an amended proof of claim dated 12/18/2012 which amended the amount down to $91,000 with no unsecured portion.  **Ex. A at NRS Depo 000088-89.** This was authorized by NRS. **Ex. B at p. 63.**

The amended proof of claim does not list an "Amount of arrearage and other charges" nor did the amended proof of claim list the debt as contingent upon some events occurring within a certain period of time. *Id.* The amended proof of claim directly below the signature of counsel for NRS advises that NRS should file the "amount of claim as of Date [Ch 13] Case Filed." *Id*. at 89.

 The chapter 13 plan was confirmed on 2/25/13 . **Ex A.  at NRS Depo 0000136.**   The chapter 13 plan was completed on 6/15/17.  **Ex A.  at NRS Depo 0000138.**   NRS was paid more than $91,000; specifically, it received a total of $101,650.09  **Ex. B. at P.29.**

The Deed of Trust was released by NRS pursuant to the AGREEEMNT as payment in full. No collection efforts including no motion for relief from the co-Debtor stay were taken against the

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 20814

***

8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***

(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

- 4 -

Debtor in this case, Ahmadpour, during the pendency of Beitdashtoo's chapter 13. **Ex. B at p.65-66.**

## STANDARD OF REVIEW

When considering a motion for summary judgment, a court "must consider whether a reasonable jury could find in favor of the non-moving party, taking all inferences to be drawn for the underlying facts in the light most favorable to non-movant. *Humboldt Express, Inc. v. The Wise Co.* 190 Fed 624,633 (4th Cir. 1999). To defeat motion for summary judgment, opposing party must show that there is genuine dispute as to material fact by proffering facts which would be admissible in evidence; consequently, mere general allegations which do not show facts in detail with precision are insufficient to prevent summary judgment. *Beatty v. Trailmaster Products, Inc.*, 330 Md. 726, 625 A.2d 1005 (Md. 1993). Summary judgment is not intended as substitute for trial when factual issues remain. *Hill v Cross Country Setllements, LLC*, 402 Md. 281, 936 A.2d 343 (2007) (if alleged facts are subject to multiple inferences, issue should be submitted to jury and not decided by summary judgment).

Cases recognize that in order to defeat motion for summary judgment , the opposing party must show that there is a genuine dispute as to a material fact by proffering facts which would be admissible in evidence. *See Hoffman Chev. v. Wash. Co. Nat'l Sav.,* 297 Md. 691, 711–15, 467 A.2d 758 (1983); *Shaffer v. Lohr,* 264 Md. 397, 404, 287 A.2d 42 (1972); *Broadfording Ch. v. Western Md. Ry.,* 262 Md. 84, 89, 277 A.2d 276 (1971). Consequently, mere general allegations which do not show facts in detail and with precision are insufficient to prevent summary judgment . *Lynx, Inc. v. Ordnance Products,* 273 Md. 1, 7–8, 327 A.2d 502 (1974). Moreover, a person opposing summary judgment cannot merely allude to the existence of a document and thereby

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 20814

***

8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***

(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

hope to raise the specter of dispute over a material fact which would defeat a motion for summary judgment . *Brown v. Suburban Cadillac, Inc.*, 260 Md. 251, 256–57, 272 A.2d 42 (1971).

## ARGUMENT

### I.    NRS is judicially estopped from its claims in this matter

In this State the general rule is that parol evidence of prior or contemporaneous oral negotiations or stipulations is inadmissible to alter, vary, contradict, add to, subtract from or explain the terms of a complete, unambiguous, unconditional written instrument. *Godwin v. Kerns*, 178 Va. 447, 451, 17 S.E.2d 410; *Jones v. Franklin*, 160 Va. 266, 270, 168 S.E. 753. Under this rule, when the parties set out the terms of their agreement in a clear and explicit writing then such writing is the sole memorial of the conduct and it is conclusively concluded that the writing contains the whole contract and is the sole evidence of the agreement. *Stewart-Warner Corp. v. Smithey*, 163 Va. 476, 487, 175 S.E. 882; *Pulaski Nat. Bank, Ex'r v. Harrell*, 203 Va. 227, 233, 123 S.E.2d 382.

Plaintiff originally filed a claim in the husband's case for $258,115.61 (Exhibit A), but then amended it down to $91,000 (Exhibit A). The plan was confirmed and completed (Exhibit A). Plaintiff cannot now come into this Court and assert that it still has a claim against Debtor after the proof of claim that it filed was paid in full. The proof of claim filed in the D.C. Bankruptcy Court, and the confirmation and completion of the plan, is *res judicata* as to the amount and nature of the Plaintiff's claim, and Plaintiff is judicially estopped from asserting an inconsistent position after filing a claim, confirmation and completion of the plan, and payment of its filed claim in full. *In re Male*, 362 BR 238, 241-42 (Bankr. E.D. N.C. (2007)); *First Union Commercial Corp v. Nelson, MULLINS, Riley & Scarborough (In re Varat Enter., Inc.)*, 81 F.3d 1310, 1315 (4th Cir.1996); *Bill Greever Corp. v. Tazewell Nat. Bank*, 256 Va. 250, 504 SE 2d 854 (1998).

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 20814

***

8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***

(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

The equitable defense of laches requires a defendant to prove (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense. *EEOC v. Navy Federal Credit Union*, 424 F.3d 397 (4th Cir. 2005).

As the undisputed facts show, this matter has been ongoing since at least the year 2008. The creditor NRS has taken actions which are directly contradictory to the amount they allege is now due and owing in this instant case. Ahmadpour is prejudiced by having to continually re litigate the same issue over a debt which has been resolved.   Laches and judicial estoppel prevent NRS from taking its current position. NRS had full knowledge of the terms (including the initial list price) of the SETTLEMENT AGREEMENT between the parties *prior* to entering into in July, 2011.   The parole evidence rule and express terms of the AGREEMENT preclude NRS from continuing in this case as it is violating the very AGREEMENT it drafted. Ahmadpour is entitled to attorneys' fees pursuant to the AGREEMENT.

Ahadpour is entitled to summary judgment against NRS for their claim. There are no relevant disputed facts that arise to a conclusion other than that the debt referred to in the AGREEMENT has been paid off, and further has been discharged. Ahadpour incorporates the Statement of Facts above into their Cross Motion for Summary Judgment. These detailed facts supported by the record provided show that there are no genuine issues of material fact.

## II.    NRS has not met its burden to prove all elements in its claim

*Arguendo* NRS is not judicially estopped in bringing the instant claim, NRS has failed to meet its burden of proving all the elements necessary to establish its' claim. In order to file an action under 11 USC § 523, NRS must prove that Debtor acted with actual fraud. In its pleadings in this matter, NRS has improperly relied on Debtor having signed a guilty plea as evidence of fraud; however, this is insufficient to prove fraud in the instant matter.

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 20814

***

8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***

(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

- 7 -

Specifically, Plaintiff's plea relies on Debtor's guilty plea entered into under the laws of the State of Nevada, NRS 205.130 and 205.132:

*NRS 205.130   Issuance of check or draft without sufficient money or credit: Penalties.*

*1.   Except as otherwise provided in this subsection and subsections 2 and 3, a person who willfully, with an intent to defraud, draws or passes a check or draft to obtain:*

*(a)  Money;*

*(b)  Delivery of other valuable property;*

*(c)  Services;*

*(d)  The use of property; or*

*(e)  Credit extended by any licensed gaming establishment, drawn upon any real or fictitious person, bank, firm, partnership, corporation or depositary, when the person has insufficient money, property or credit with the drawee of the instrument to pay it in full upon its presentation, is guilty of a misdemeanor. If that instrument, or a series of instruments passed in the State during a period of 90 days, is in the amount of $650 or more, the person is guilty of a category D felony and shall be punished as provided in NRS 193.130.*

If it were that alone, the admission of "intent to defraud" would probably suffice.  BUT…

*NRS 205.132   Issuance of check or draft without sufficient money or credit: Presumptions of intent to defraud and knowledge of insufficiency; malice in causing prosecution.*

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 20814

***

8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***

(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

- 8 -

1. *In a criminal action for issuing a check or draft against insufficient or no funds with intent to defraud, that intent and the knowledge that the drawer has insufficient money, property or credit with the drawee is presumed to exist if:*

   (a) *The instrument is drawn on a purported account which does not exist.*

   (b) *Payment of the instrument is refused by the drawee when it is presented in the usual course of business, unless within 5 days after receiving notice of this fact from the drawee or the holder, the drawer pays the holder of the instrument the full amount due plus any handling charges.*

   (c) *Notice of refusal of payment, sent to the drawer by registered or certified mail at an address printed or written on the instrument, is returned because of nondelivery.*

So with that presumption, all Debtor pled guilty to is:

1. *Except as otherwise provided in this subsection and subsections 2 and 3, a person who willfully, [], draws or passes a check or draft [where] payment of the instrument is refused by the drawee when it is presented in the usual course of business, unless within 5 days after receiving notice of this fact from the drawee or the holder, the drawer pays the holder of the instrument the full amount due plus any handling charges, to obtain:*

   (a) *Money;*

   (b) *Delivery of other valuable property;*

   (c) *Services;*

   (d) *The use of property; or*

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 20814

***
8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***
(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

*(e) Credit extended by any licensed gaming establishment, drawn upon any real or fictitious person, bank, firm, partnership, corporation or depositary, when the person has insufficient money, property or credit with the drawee of the instrument to pay it in full upon its presentation, is guilty of a misdemeanor. If that instrument, or a series of instruments passed in the State during a period of 90 days, is in the amount of $650 or more, the person is guilty of a category D felony and shall be punished as provided in NRS 193.130.*

Given the above presumption, Debtor has not plead guilty to fraud within the scope of 11 USC § 523(a)(2). Plaintiff's allegation of fraud based on the above plea is insufficient to prove the element under § 523, which requires actual fraud. Therefore, Plaintiff has not proven all the elements necessary to prove a claim under § 523, and its claim fails as a matter of law.

## <u>CONCLUSION</u>

Summary judgment should be limited to cases "that present no material facts that my reasonably said to be disputed". *Sadler v. Dimensions Healthcare Corp.*, 378 Md. 509,534,836 A.2d 655 (2003). Since it is clear that NRS alleged facts that differ so greatly from facts gleaned from deposition transcripts and exhibits from previous filings, in terms of whether there is any legitimate claim to further debts owed to NRS by Ahmadpour,  summary judgment should be denied as to NRS and granted as to Debtor.  Debtor is entitled to attorneys fees pursuant to the admitted breach of the AGREEMENT by NRS.

**WHEREFORE**, Debtor Ahmadpour respectfully requests that:

A.  Creditor Nationwide Registry and Security LTD's Motion for Summary be DENIED;

B.  Debtor Nahid Ahmadpour's Cross-Motion for Summary Judgment be GRANTED;

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 20814

\*\*\*

8500 Leesburg Pike
Suite 400
Vienna, VA 22010

\*\*\*

(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

C.  Debtor Nahid Ahmadpour be GRANTED an award of attorneys fees pursuant to the

AGREEMENT; and

D.  this Court grant such other and further relief this Court deems just and proper

Respectfully submitted,

THE PELS LAW FIRM

Dated: March 14, 2019

/s/ Jon D. Pels
Jon D. Pels, Esq., MD Bar #11883
jpels@pelslaw.com

/s/ Alvaro A. Llosa
Alvaro A. Llosa, Esq., MD Bar #19334
allosa@pelslaw.com
4845Rugby Avenue,
Third Floor
Bethesda, MD 20814
(301) 986-5570 (T)
(301) 986-5571 (F)
Counsel for Debtor

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 20814

***
8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***
(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on <u>March 14, 2019,</u> I reviewed the Court's CM/ECF system and it reports that an electronic copy of Defendant Nahid Ahmadpour's Memorandum In Opposition To Plaintiff's Motion For Summary Judgment And Memorandum In Support Of Defendant's Cross-Motion For Summary Judgment was served electronically by the Court's CM/ECF system on the following:

Fitzgerald Lewis                          Robert Lee Vaughn, Jr.
Law Office of Lewis and Associates        O'Connor & Vaughn LLC
6066 Leesburg Pike                        11490 Commerce Park Drive
Fourth Floor                              Suite 510
Falls Church, VA 22041                    Reston, VA 20191
flewis@lewisatlaw.com                     rvaughn@oconnorandvaughn.com


<u>/s/ Jon D. Pels</u>
Jon D. Pels, Esq., MD Bar #11883

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 20814

***
8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***
(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com