Entered: May 1st, 2019
Signed: April 30th, 2019

**SO ORDERED**



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| In re: | * | Case No.   18-11248 |
| Nahid Ahmadpour | * | Chapter   7 |
| Debtor(s) | * | |
| * * * * * * * * | | |
| Nationwide Registry & Security Ltd. | * | |
| Plaintiff(s) | * | |
| vs. | * | Adversary No.   18-00039 |
| Nahid Ahmadpour | * | |
| Defendant(s) | * | |
| * * * * * * * * * * * * * | | |

### ORDER REQUIRING ATTORNEY ROBERT VAUGHN TO SHOW CAUSE WHY THIS COURT SHOULD NOT ISSUE SANCTIONS FOR MISREPRESENTING TO THE COURT WHY HE FAILED TO HAVE LOCAL COUNSEL PRESENT AT HEARING

On September 7, 2018, this Court entered an Order Granting Motion for Robert Lee Vaughn, Jr. to Appear Pro Hac Vice on behalf of Plaintiff (the "Order"). The Order provided that Mr. Vaughn was admitted to this Court *pro hac vice*, pursuant to Local Bankruptcy Rule 9010-3(b) and District Court Local Rule 101.1(b).

Local Bankruptcy Rule 9010-3(b)(2) provides:

> "A party represented by an attorney who has been admitted *pro hac vice* must also be represented by an attorney who is a member of the Bar of the District Court. Such member of the Bar of the District Court shall be present in the courtroom for all proceedings before

the court, unless excused by the court."

Moreover, District Court Local Rule 101.1(b)(i) provides:

> "…Any party represented by an attorney who has been admitted pro hac vice must also be represented by an attorney who is, and continuously remains, an active member in good standing of the Bar of this Court who shall sign all documents and, unless excused by the presiding judge, be present at any court proceedings."

In this adversary proceeding, Plaintiff was in fact represented by an attorney who is a member of the Bar of the District Court, Mr. Fitzgerald Lewis ("Local Counsel"). However, while Local Counsel had primarily represented Plaintiff in this adversary proceeding prior to the entry of the Order, Local Counsel has not appeared in court nor filed any pleadings on the docket since that time. At a hearing on November 14, 2018, Mr. Vaughn appeared before this Court without Local Counsel, and the Court accordingly admonished Mr. Vaughn for failure to comply with the local rules requiring Local Counsel to appear. The Court expressly stated: "Until I feel comfortable that you know what the [local] rules are and can follow them, you are going to have to have Local Counsel with you."

At the hearing on April 24, 2019, Mr. Vaughn again appeared without Local Counsel. When questioned about his failure to comply with the local rules, Mr. Vaughn stated that his understanding was that the Court waived the requirement to have Local Counsel appear at a prior hearing. According to Mr. Vaughn, he or his assistant contacted the Court before a prior hearing and was told that he could appear without Local Counsel. Mr. Vaughn was unable to specify to whom he or his assistant spoke that allegedly waived the requirement to have Local Counsel appear.

After investigating with the Court's staff, there is no evidence that Mr. Vaughn or his assistant did in fact contact the Court and receive a waiver of the requirement to have Local Counsel appear at all proceedings. Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

**ORDERED**, that within fourteen (14) days from the entry of this order Mr. Vaughn must file evidence that he or his assistant contacted this Court and received a waiver of the requirement to have Local Counsel appear at proceedings before this Court; and it is further

**ORDERED**, that this Court will review the adequacy of Mr. Vaughn's response to determine whether sanctions are appropriate; and it is further

**ORDERED**, that a hearing on this Order to Show Cause will be conducted at the Final Pre-Trial Conference scheduled for **May 22, 2019**, at **2:00 PM** in **Courtroom 3-C**.

cc: Plaintiff
Plaintiff's Counsel
Defendant
Defendant's Counsel
Trustee
U.S. Trustee

**END OF ORDER**